## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES M. BENSON,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>DEPUY ORTHOPAEDICS et al.,  )<br>)<br>Defendants.  )<br>_____  ) | 2:13-cv-00713-RCJ-VCF<br><br>**ORDER** |

      This case arises out of the voluntary recall of an artificial hip produced by Defendant DePuy Orthopaedics, Inc. ("DePuy"). Plaintiff brought the present class action against DePuy and others in state court. Defendants removed. Defendants have asked the Court to stay the case pending a determination by Judge Katz of the U.S. District Court for the Northern District of Ohio whether to transfer the present case to MDL No. 2197, *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation* (the "MDL Case") for pretrial proceedings. Plaintiff has asked the Court to remand for lack of diversity. Defendants note that the only non-diverse Defendant in the present case is a Nevada distributor, Precision Instruments, Inc. ("Precision"), who is joined as a Defendant along with the manufacturer based on negligence and strict liability theories. Defendants argue that Precision is fraudulently joined because federal law preempts state law failure-to-warn claims in cases like the present one, where it would be a violation of federal law to alter the federally mandated label in any way. *See generally PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011). Defendants argue that at a minimum the MDL judge should determine this issue, because the ruling will affect many cases and ensure a uniform

ruling on the important preemption issue. The Court agrees and will stay the case pending the relevant determinations by the MDL judge. The previous ruling by another judge of this District not to stay a related case appears to have been made before the Supreme Court's ruling in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), which case may control the federal preemption issue. Although Plaintiff is correct that subject matter jurisdiction is better determined locally as a general matter, here the preemption issue under the Supremacy Clause will determine remand in many cases throughout the country. It is more efficient to obtain a common answer to the question.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 5) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Motion for Expedited Hearing (ECF No. 11) is DENIED as moot.

IT IS SO ORDERED.

Dated this 28th day of May, 2013.

_____
ROBERT C. JONES
United States District Judge